IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUADALUPE RINCON,

        Petitioner,

   vs.

E. ROE, Warden,

        Respondent.

Case No. 2:02-cv-02647 JKS DAD P

ORDER

      Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to challenge his 2000 no contest plea in San Joaquin County Superior Court to first degree burglary, five prior felony convictions, and one prior prison term. He alleges relief is warranted on the grounds that: (1) his constitutional rights were violated in connection with his plea of no contest; (2) his trial counsel rendered ineffective assistance; and (3) his appellate counsel rendered ineffective assistance. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On November 20, 2007, the magistrate judge filed findings and recommendations herein, finding Petitioner's claims meritless and recommending denial of the application. Docket No. 49. Petitioner has filed objections to these findings and recommendations, making essentially two arguments: (1) that the magistrate judge should have afforded him an evidentiary hearing on the issue of his competency to enter his plea; and (2) that the magistrate judge was incorrect in his conclusions that trial and appellate counsel were not ineffective. Docket No. 55.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of the portions of findings and recommendations to which Petitioner has made specific objection.  Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

The test for competency is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal quotation marks omitted).  "'In a habeas proceeding, a petitioner is entitled to an evidentiary hearing on the issue of competency to stand trial if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court.'"  *Deere v. Woodford*, 339 F.3d 1084, 1086 (9th Cir. 2003) (quoting *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985)).  "A 'good faith' or 'substantial doubt' exists 'when there is substantial evidence of incompetence.'"  *Id*. (quoting *Cuffle v. Goldsmith*, 906 F.2d 385, 392 (9th Cir. 1990)).  The burden of establishing mental incompetence rests with the petitioner.  *See Boag*, 769 F.2d at 1343; *McKinney v. United States*, 487 F.2d 948, 949 (9th Cir. 1973).

Petitioner has failed to carry his burden of presenting sufficient facts to warrant an evidentiary hearing.  Petitioner's incompetency claim is based essentially on the withholding of some of his psychotropic medications and a suicide attempt prior to his plea.  His conclusory allegations urge that an evidentiary hearing would have unearthed unspecified state hospital and county jail records that could have supported his contention that he was incompetent.  The magistrate judge assumed that Petitioner had in fact attempted suicide and been taken off two of his three medications.  However, these facts were countered by a host of evidence that Petitioner was competent when he entered his plea of no contest.  First, the full and complete plea colloquy revealed no hesitation or confusion.  Respondent's Lodged Document No. 9, Reporter's Transcript on Appeal (hereinafter "RT") at 4-8.  Second, Petitioner's testimony during the hearing to withdraw his plea showed that he had been fully cognizant of his exposure and plea options for months and had accepted the plea bargain on the advice of his attorney.  RT at 20-23.  Third, no party raised a

ORDER

2

doubt as to Petitioner's competency at the time he entered his plea.[1] In sum, Petitioner's contentions are unavailing in the face of so much evidence of competency.

Also unavailing are Petitioner's conclusory objections to the magistrate judge's conclusions that trial and appellate counsel were not ineffective. Petitioner failed to show his trial counsel's performance fell below the objective standard of reasonableness. The Court must presume that Mr. Panerio exercised acceptable professional judgment in making the tactical decision to not call Mr. Burlington, who represented Petitioner during his plea of no contest. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). The Court also agrees with the magistrate judge that this decision was not surprising given that Mr. Burlington never expressed a doubt as to Petitioner's competence. Petitioner has also failed to establish prejudice as his conclusory allegations of additional witnesses and documents fail to provide how any of them might have led to a different result. *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (ineffective assistance claim based on failure to investigate and call witness rejected in absence of an affidavit from the witness). As this Court concludes that Petitioner's attack on his no contest plea lacks merit, Petitioner cannot possibly show prejudice on the part of appellate counsel for failing to fully pursue the issue on appeal.

As reasonable jurists could not debate whether the petition could have been resolved in a different manner, the Court declines to issue a Certificate of Appealability ("COA").[2]

---

[1] *See Medina v. California*, 505 U.S. 437, 450 (1992) ("defense counsel will often have the best-informed view of the defendant's ability to participate in his defense"); *United States v. Lewis*, 991 F.2d 524, 528 (9th Cir. 1993) (a defense counsel's silence on a petitioner's competency is some evidence that the petitioner showed no signs of incompetence); *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991) ("[w]e deem significant the fact that the trial judge, government counsel, and [petitioner's] own attorney did not perceive a reasonable cause to believe [petitioner] was incompetent").

[2] *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 482 (internal quotation marks and citations omitted).

ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed November 20, 2007, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is DENIED;

3. The Clerk shall enter judgment accordingly; and

4. The Court declines to issue a Certificate of Appealability.  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated this the 29th day of April 2008.

                                                 /s/ James K. Singleton, Jr.
                                                 **JAMES K. SINGLETON, JR.**
                                                 United States District Judge

ORDER